UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CULTURE OF LIFE FAMILY SERVICES, INC., a California nonprofit corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL ROB BONTA, in his official capacity as the California Attorney General,<br><br>　　　　　　　　　　Defendant. | Case No.:  24-cv-1338-GPC-KSC<br><br>**ORDER GRANTING LEAVE FOR DEFENDANT TO FILE OPPOSITION**<br><br>[ECF Nos. 36, 37] |

On April 2, 2025, Plaintiff filed an ex parte motion for leave to file a supplemental declaration from expert Elena Kraus, M.D., Ph.D., in support of its motion for a preliminary injunction.  ECF No. 36.  Plaintiff asserted that the new study had "strong relevance" to the motion for preliminary injunction and that because the study had not been published when briefing concluded, it could not be submitted with Dr. Kraus's earlier declarations.  *Id.*

1

On the same day, Defendant filed a notice of intent to oppose the ex parte application, complying with Chambers Rules.[1]  ECF No. 37.  Defendant requested that the deadline to file the opposition be no earlier than Wednesday, April 23, 2025, because Defendant had not been given notice by Plaintiff before the filing of the ex parte motion and Defendant did not know the availability of his expert.  *Id*.  Furthermore, Defendant pointed out that Plaintiff, in its own ex parte motion, "d[id] not oppose permitting Defendant leave to file a supplemental expert declaration" in response, ECF No. 26.  *Id*.

The Court finds that Plaintiff failed to comply with the Civil Local Rules regarding ex parte motions in the Southern District of California:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

Civ. L.R. 83.3(g)(2).  Regardless of whether this ex parte application can truly be characterized as "routine," as Plaintiff insists it is so, the Rule applies to <u>all</u> types of ex parte motions, and as such, Plaintiff still did not comply with the Rule.  No notice was provided to Defendant regarding this ex parte motion, and no extenuating circumstances existed that excused Plaintiff from providing notice.  Thus, Plaintiff did not comply with

---

[1] "The Court may rule upon ex parte motions without requiring a response from the opposing party. If a party intends to oppose the ex parte motion, the party must immediately file a notice stating that the party intends to oppose the ex parte motion and providing the date upon which the opposition will be filed."  Honorable Gonzalo P. Curiel, Chambers Rules, "Ex Parte Motions."

the Rule. However, the Court does not find that Plaintiff acted in bad faith, and thus does not find that its behavior warrants any sanctions at this time.

The Court finds that Defendant's request to file an opposition by April 23 is a reasonable request given that Defendant did not have advance notice of this ex parte motion to begin early communications with his expert.

Accordingly, the Court **GRANTS** Defendant's request to file an opposition no earlier than April 23, 2025.

**IT IS SO ORDERED.**

Dated: April 7, 2025

Hon. Gonzalo P. Curiel
United States District Judge