Charles S. LiMandri, SBN 110841
  cslimandri@limandri.com
Paul M. Jonna, SBN 265389
  pjonna@limandri.com
Jeffrey M. Trissell, SBN 292480
  jtrissell@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Thomas Brejcha, *pro hac vice*\*
  tbrejcha@thomasmoresociety.org
Peter Breen, *pro hac vice*\*
  pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
\*Application forthcoming

*Attorneys for Plaintiff Culture of Life Family Services, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CULTURE OF LIFE FAMILY SERVICES, INC. a California nonprofit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL ROB BONTA, in his official capacity as the California Attorney General,<br><br>    Defendant. | Case No.: 3:24-cv-1338-GPC-KSC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF NEW AUTHORITY RE: MOTION TO DISMISS OR STAY THE FIRST AMENDED COMPLAINT**<br><br>Judge:    Hon. Gonzalo P. Curiel<br>Location:  Courtroom: 2D<br><br>Action Filed: July 30, 2024 |

# RESPONSE TO NOTICE OF NEW AUTHORITY

On May 15, 2025, Defendant Attorney General Bonta filed a notice of supplemental authority, bringing to this Court's attention the recent Ninth Circuit decision *Yelp Inc. v. Paxton*, ___ F.4th ___, 2025 WL 1404272 (9th Cir. May 15, 2025). In *Yelp*, the Texas Attorney General began a deceptive trade practices civil enforcement action against Yelp for branding all pro-life pregnancy help centers with a false and disparaging consumer warning: "This is a Crisis Pregnancy Center. Crisis Pregnancy Centers typically provide limited medical services and may not have licensed medical professionals onsite." *Id*. at *2. In response, Yelp initiated a federal action in California, whose dismissal on *Younger* grounds the Ninth Circuit affirmed.

In so doing, the Ninth Circuit affirmed that First Amendment retaliation is a proper exception to *Younger* to abstention. *Id*. at *7-10; *contra* ECF No. 4-1, Mot. to Dismiss, p.10 n.5 (citing *Yelp* district court opinion for proposition that no such exception exists). Nevertheless, the Ninth Circuit held that Yelp's limited evidence—primarily AG Paxton's press release—was insufficient to plead the exception. *Id*. at *9.

Most obviously, *Yelp* is irrelevant because Plaintiff COLFS is not a party to any pending state enforcement proceeding and so *Younger* abstention does not even apply on its face. But even if it did, the facts of this case are far more egregious than the facts in *Yelp*, and so the exceptions to *Younger* are properly pleaded here:

(1) AG Bonta's viewpoint discriminatory public relations campaign is not limited to the press release announcing the *Heartbeat* lawsuit, nor is it just about the topic of "abortion," but has targeted pregnancy help organizations specifically—defaming them with the same attacks that, when repeated by *Yelp*, subject them to consumer fraud liability, *see* FAC, ¶¶ 74-96; and

(2) Yelp is a for-profit business, whereas APR is provided entirely charitably, such that application of a consumer fraud statute to Yelp makes sense, and such that Yelp's interim harm is merely financial—whereas COLFS's interim harm is a violation of its religious duty to serve women and help save their babies in the context where AG

Bonta has admitted that he has no evidence of any woman ever complaining about APR or ever being harmed (financially or physically) by APR; and

    (3) whereas the timing concerns in *Yelp* were limited to AG Paxton making prosecution of Yelp an enforcement priority, here, the timing indicates that AG Bonta's lawsuit against Heartbeat International may have been motivated by AG Paxton's initial April 2023 investigation into Yelp. In other words, the Heartbeat litigation may also be retaliation for AG Paxton's determination that AG Bonta's repeated smears of pregnancy help organizations, if repeated by private parties, are consumer fraud.

                                    Respectfully submitted,
                                      LiMANDRI & JONNA LLP

Dated: May 16, 2025        By: _____
                                      Charles S. LiMandri
                                    Paul M. Jonna
                                    Jeffrey M. Trissell
                                    Attorneys for Plaintiff Culture of Life Family Services, Inc.

# CERTIFICATE OF SERVICE

*Culture of Life Services v. Attorney General Ron Bonta*
USDC Court Case No.: 3:24-cv-1338-GPC-KSC

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF NEW AUTHORITY RE: MOTION TO DISMISS OR STAY THE FIRST AMENDED COMPLAINT.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Rob Bonta, Attorney General of California
Renu George, Senior Assistant Attorney General
Karli Eisenberg, Supervising Deputy Attorney General
Kathleen Boergers, Supervising Deputy Attorney General
Erica Connolly, Deputy Attorney General
Hayley Penan, Deputy Attorney General
1300 "I" Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Tel: (916) 210-7755
Fax: (916) 327-2319
E-Mail: Erica.Connolly@doj.ca.gov
E-Mail: karli.eisenberg@doj.ca.gov
E-Mail: kathleen.boergers@doj.ca.gov
E-Mail: hayley.penan@doj.ca.gov
**Attorney for Defendant Attorney General of California Rob Bonta**

__X__  **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__  **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on May 16, 2025, at Rancho Santa Fe, California.

_____
Kathy Denworth